

# NUMBER 13-09-146-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

**LUIS SOTO,**                                                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Luis Soto, was indicted for the criminal offense of possession of a

controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2006).

Soto entered into a plea bargain agreement, whereby in exchange for his plea of guilty, he received a sentence of two years' confinement in a State Jail Facility, probated for a period of four years' deferred adjudication probation and a $1,500.00 fine. On September 10, 2007, the State filed a motion to revoke Soto's probation, and Soto pleaded true to the allegations that he violated conditions of his probation. After this plea, the Court entered a finding of guilt and placed Soto on community supervision for a period of three years. On January 29, 2009, the State filed a second motion to revoke, and Soto again pleaded true to allegations that he violated his conditions of probation except for one allegation that he was behind on costs. After hearing evidence, the trial court found that Soto had violated his conditions, revoked his probation, and sentenced him to fourteen months in a State Jail Facility with credit for time served. Concluding that "there are no meritorious issues for appeal," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. Compliance with *Anders v. California*

Appellant's court-appointed counsel filed an *Anders* brief in which he has concluded that there are no appealable issues for this Court to consider. *See Anders v. California*, 386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of *Anders*. *See id*. at 744-45; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus

2

Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Anders*, following his review of the Court's file and the transcripts, his research, and his correspondence with appellant, counsel presented a professional evaluation of the record including, among other things, a review of grand jury proceedings, pre-trial motions, research and investigation, competency, sentencing, right to present evidence during the guilt/innocence and punishment stages, and right to appeal. *See Anders*, 386 U.S. at 744; *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *see also High*, 573 S.W.2d at 812.

Counsel has informed this Court that he has reviewed the appellate record and concluded there are no arguable grounds for reversal. He has also informed this Court that he provided appellant with a copy of the transcripts in his case, a copy of the brief, and notified appellant of his right to review the record and to file a pro se response to counsel's brief and motion to withdraw within thirty days.[1] *See In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *Id.* at 409; *see also Anders*, 386 U.S. at 744-45; *Stafford*, 813 at 509 (Tex. Crim. App. 1991); *High*, 573 S.W.2d at 813.

## II. Independent Review

The United States Supreme Court advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

3

decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see*

*Ybarra v. State*, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.).

Accordingly, we have carefully reviewed the record and have found nothing that would

arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App.

2005); *Stafford*, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly

frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of

*Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs

and reviewed the record for reversible error but found none, the court of appeals met the

requirements of Texas Rule of Appellate Procedure 47.1.").

## III. Conclusion

The judgment of the trial court is affirmed. In accordance with *Anders*, appellant's

attorney has asked this Court for permission to withdraw as counsel for appellant. *See*

*Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery*

*v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an

attorney believes the appeal is frivolous, he must withdraw from representing the appellant.

To withdraw from representation, the appointed attorney must file a motion to withdraw

accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations

omitted)). We grant his motion to withdraw. Within five days of the date of this Court's

opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and

to advise appellant of his right to file a petition for discretionary review.[2] *See* TEX. R. APP.

---

[2]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this

P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 29th
day of April, 2010.

---

court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.